

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-11-2008

# Ou v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3118

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Ou v. Atty Gen USA" (2008). *2008 Decisions.* Paper 852.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/852

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 07-3118
_____

MIN HANG OU,
Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A78-928-156)
Immigration Judge: Honorable Alberto Riefkohl

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 2, 2008

Before:    MCKEE, NYGAARD AND ROTH, <u>Circuit</u> <u>Judges</u>

_____

(Opinion Filed:   July 11, 2008)
_____

OPINION
_____

PER CURIAM

Min Hang Ou petitions for review of an order of the Board of Immigration

Appeals ("BIA") dismissing his appeal from an Immigration Judge's ("IJ") order of removal. For the following reasons, we will grant the petition.

I.

Ou, a native and citizen of China, entered the United States in 2004 without having been admitted or paroled. He concedes removability, but seeks asylum, withholding of removal and relief under the Convention Against Torture ("CAT") on the grounds that he fears being persecuted and tortured for his practice of Falun Gong.

Ou testified before the IJ that his father began to practice Falun Gong in 2000, and that he and his mother began to practice in 2001. According to Ou, Chinese authorities arrested his father in March 2001 and detained him for approximately two months. Ou testified that his father was tortured during that time, but did not specify how. He submitted a letter from his father describing the Chinese government's "crack-down" on Falun Gong practitioners and his arrest, and stating that he had been "severely" interrogated. Ou also testified that he continued practicing Falun Gong regularly until finally leaving China in July 2003. He testified that neither he nor his mother were ever arrested, but that he was discriminated against at school after his father's arrest. He also testified that, after authorities learned that he practices Falun Gong, he was denied job opportunities.

The IJ denied Ou's claims on the sole basis that his testimony was not credible. On appeal, the BIA assumed that Ou's testimony had been credible, but dismissed his

2

appeal on the basis that he had failed to carry his burden of proof. Ou petitions for review

of the BIA's order.[1]

II.

Ou raised claims for asylum, withholding of removal and relief under CAT before

the Agency. On his petition for review, however, he limits his challenge to the Agency's

ruling to its denial of his claim for asylum. Accordingly, we address only that claim. See

Alaka v. Att'y Gen., 456 F.3d 88, 94 (3d Cir. 2006).

An applicant may demonstrate eligibility for asylum by showing either past

persecution (thus shifting the burden to the government to show changed country

conditions), or a well-founded fear of future persecution, on account of a statutorily-

protected ground. See Ghebrehiwot v. Att'y Gen., 467 F.3d 344, 351 (3d Cir. 2006);

Chavarria, 446 F.3d 508, 516 (3d Cir. 2006). To establish a well-founded fear of future

persecution, an applicant must show both a "subjectively genuine fear of persecution and

an objectively reasonable possibility of persecution." Ghebrehiwot, 467 F.3d at 351. An

applicant can show an objectively reasonable possibility of future persecution by showing

either that "'he or she would be individually singled out for persecution or that there is a

pattern or practice in his or her country . . . of persecution of a group of persons similarly

---

[1]We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Where, as here, the BIA issues its own ruling on the merits, we review only the decision of the BIA. See Chavarria v. Gonzales, 446 F.3d 508, 515 (3d Cir. 2006). We review the BIA's factual findings for substantial evidence, and must affirm them unless "a reasonable factfinder would be compelled to conclude otherwise." Id.

3

situated to the applicant[.]'" Id. (citations omitted).

In this case, Ou attempted to demonstrate eligibility for asylum by showing both past persecution and a well-founded fear of future persecution. The BIA ruled that Ou had not shown past persecution, and that ruling is supported by substantial evidence. The only evidence of mistreatment that Ou presented was his testimony that he had been discriminated against at school and denied job opportunities as a result of his father's arrest and his practice of Falun Gong. Ou did not otherwise elaborate on these events. Thus, substantial evidence supports the BIA's conclusion that Ou failed to show that these events rose to the level of past persecution. See Li v. Att'y Gen., 400 F.3d 157, 168 (3d Cir. 2005) (discussing circumstances under which economic deprivation rises to the level of persecution).

Ou argues, however, that the BIA failed to address whether he had a well-founded fear of future persecution. That argument is well-taken.[2] Ou testified that he practiced Falun Gong in China and continues to practice it here, and we have recognized that the practice of Falun Gong is a statutorily-protected ground. See Gao v. Ashcroft, 299 F.3d 266, 267-68 (3d Cir. 2002), superseded on other grounds by statute as stated in Kaita v. Att'y Gen., – F.3d –, No. 06-3288, 2008 WL 879052, at *6 (3d Cir. Apr. 3, 2008). Ou further testified that Chinese authorities have "cracked down" on Falun Gong, that his

---

[2]The government argues that "the entirety" of Ou's brief contains arguments unexhausted before the BIA. Ou, however, specifically raised this argument in his brief before the BIA. (A.11-12.)

4

father was arrested, detained for two months and tortured for practicing Falun Gong, and that he "knows" he too will be arrested if returned to China. (A.64, 66-68, 74.) He also submitted a letter from his father and his own asylum application statement, both of which state that the Chinese government has "cracked down" on Falun Gong and persecuted its practitioners. The BIA assumed that Ou's testimony was credible. It did not discuss the other evidence Ou submitted or fault him for failing to offer additional evidence. Instead, it merely limited its discussion to the issue of past persecution without addressing whether Ou's testimony and evidence carried his burden of demonstrating a well-founded fear of persecution if returned to China. Accordingly, we will vacate the BIA's ruling and remand with an instruction to consider that aspect of Ou's asylum claim. See Ghebrehiwot, 467 F.3d at 355 (remanding where IJ considered only past persecution and not evidence relevant to a well-founded fear of persecution). See also Sukwanputra v. Gonzales, 434 F.3d 627, 637 (3d Cir. 2006) (remanding for consideration of a pattern or practice of persecution).[3]

---

[3]In his brief, Ou relies on a 2006 Country Report on Human Rights Practices as support for the objective reasonableness of his fear of persecution, and appears to fault the BIA for not having considered this report. As Ou concedes, however, neither this nor any other country report is contained in the administrative record. Accordingly, the BIA was not required to consider this report sua sponte, see Meghani v. INS, 236 F.3d 843, 848 (7th Cir. 2001), but on remand it may take official notice of the report, see Zubeda v. Ashcroft, 333 F.3d 463, 479 (3d Cir. 2003). The government argues that neither this report nor the record demonstrates a well-founded fear of persecution. Because the BIA did not address that issue, however, we cannot do so and must remand for the BIA to address it in the first instance. See Li, 400 F.3d at 163. We express no opinion on

(continued...)

whether the record contains substantial evidence supporting a conclusion that Ou either has or does not have a well-founded fear of persecution.